IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VISHAL SAVLA,

                Petitioner,              OPINION AND ORDER

    v.

                                          21-cv-422-wmc

WARDEN MATTHEW MARSKE,

                Respondent.

---

      Petitioner Vishal Savla, a prisoner currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, is petitioning for post-conviction relief under 28 U.S.C. § 2241. Specifically, petitioner is asking that this court require the Bureau of Prisons ("BOP") immediately apply all "earned time credits" to his sentence consistent with the provisions of the First Step Act of 2018. Unfortunately, this petition must be dismissed because it is not ripe for review.

BACKGROUND

      Briefly, Savla filed his petition on June 29, 2021, and represents that on June 23, 2021, he submitted a "Central Office Appeal" from the denial of his request for earned time credits. In the original denial, Savla was apparently informed that the BOP had not yet begun calculating earned time credits under the First Step Act. (*See* dkt. #1 at 3; *see also* dkt. #1-1 at 10, 14-15.) However, Savla maintains that he has accrued between 282 and 457 days of earned time credit, and that if his credits were appropriately applied under

1

the First Step Act, 18 U.S.C. § 3632(d)(4)(A), he would be eligible for "immediate release." (Dkt. #1 at 3.)

Still, at the time he filed his petition in this court, Salva had not yet received a ruling on his appeal to the BOP's Central Office.

OPINION

Before seeking habeas relief in federal court under § 2241, an inmate is required to exhaust administrative remedies. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (requiring that a § 2241 applicant exhaust administrative remedies). However, a district court *may* excuse exhaustion where: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Gonzalez v. Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Here, Salva suggests that exhaustion would be futile because "the BOP's stance and responses with all similar cases brought before the courts" makes it "evident and predictable" that his appeal will fail. (Dkt. #1 at 5.) While speculative, Salva also has a colorable claim that the BOP's resolution of his appeal is predetermined. Nonetheless, Salva is not entitled to relief because the First Step Act does not actually require the BOP

2

to implement the time credit provisions of § 3632(d) until January 15, 2022, and this court would appear to have no legal basis to compel its application before Congress directs.

The First Step Act was signed into law on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 101 of the First Step Act amended § 3624(b)(1) with respect to the way "good-time credits" are calculated, as well as mandated the creation of a "risk and needs assessment system" ("the system"). 18 U.S.C. § 3632. Congress directed the Attorney General to develop and release that system "[n]ot later than 210 days after the enactment of this subchapter," or by July 19, 2019. 18 U.S.C. § 3632(a). The Attorney General published the risk and needs assessment system on that date. U.S. Dep't. of Justice, The First Step Act of 2018: Risk and Needs Assessment System (July 19, 2019), *available at* https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf. The First Step Act also permitted the BOP *another* 180 days after this system was released to complete a risk assessment for each inmate, which was to occur on or before January 15, 2020. 18 U.S.C. § 3621(h)(1)(A).

Critical to Savla's petition, however, the BOP was also given an *additional* two years, or until January 15, 2022, to phase in programming and provide "evidenced based recidivism reduction programs and productive activities for all prisoners." § 3621(h)(2)(A-B). Moreover, during this "phase-in" period, which has not expired, the BOP was empowered to exercise its own discretion as to how and when to expand programs and activities, as well as offer the system's incentives and rewards as of the date of enactment of the First Step Act:

3

> Beginning on the date of enactment of this subsection, the Bureau of Prisons *may* begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

§ 3621(h)(4) (emphasis added).

In light of this express grant of discretion, many cases have concluded that federal courts lack subject matter jurisdiction to review claims challenging the BOP's application of these provisions of the First Step Act until January 15, 2022. *E.g.*, *Herring v. Joseph*, No. 4:20-cv-249, 2020 WL 3642706, at *1 (N.D. Fla. July 6, 2020) ("Petitioner has no current right to the relief requested in the petition since the [BOP] has until January 2022 to implement the provisions of the First Step Act on which the petition is based."); *Prince v. Fikes*, No. 21-cv-642, 2021 WL 2942311, at *2-3 (D. Minn. June 6, 2021) (collecting cases) ("Because the First Step Act does not mandate actual implementation until January 2022, Prince is not entitled to the relief he seeks" and "has no ripe claim to pursue"); *Cohen v. United States of America*, No. 20-cv-10833-JGK, 2021 WL 1549917, at *3 (S.D.N.Y. Apr. 20, 2021) ("[U]ntil the phase-in period is completed, the Court would lack any basis to determine if the BOP was complying with the statutory requirements."); *Kennedy-Robey v. FCI Pekin*, No. 20-cv-1371, 2021 WL 797516, at *1-4 (C.D. Ill. Mar. 2, 2021) ("The statutory language indicates that Congress left [the determination of how to phase-in the system incentives] up to the BOP, while at the same time giving the BOP a deadline of January 15, 2022. Until that date, the Court does not find that Kennedy-

4

Robey has any right to application of earned time credits that this Court can enforce."); *Hand v. Barr*, No. 1:20-cv-348, 2021 WL 392445, at *5 (E.D. Cal. Feb. 4, 2021) (report and recommendation) (same);  *Llewlyn v. Johns*, No. 5:20-cv-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021) (same), report and recommendation adopted, No. 5:20-cv-77, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021).

Although one district court has found differently in *Goodman v. Ortiz*, No. 20-cv-7582, 2020 WL 5015613, at *6 (D.N.J. Aug. 25, 2020), even that court also acknowledged that the statute does *not* explicitly require the BOP to apply prisoner earned credits. Although sympathetic to petitioner's desire for a faster and more definitive answer, this court joins the numerous courts that have respectfully parted ways with the *Goodman* decision.  *E.g.*, *Diaz v. Warden*, No. 9:21-cv-0738, 2021 WL 3032694, at *2-3 (N.D.N.Y. July 19, 2021) (acknowledging *Goodman* but noting that the majority of courts disagree with that opinion);  *Holt v. Warden*, No 4:20-cv-4064-RAL, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021) (collecting cases that have disagreed with the *Goodman* opinion); *Fleming v. Joseph*, No. 3:20-cv-5990-LC-HTC, 2021 WL 1669361, at *5 (N.D. Fla. Apr. 7, 2021) (acknowledging *Goodman* but concluding that the First Step Act does not require immediate implementation, even as to those prisoners facing imminent release dates), report and recommendation adopted, No. 3:20-cv-5990-LC-HTC, 2021 WL 1664372 (N.D. Fla. Apr. 28, 2021);  *Kennedy-Robey*, 2021 WL 797516, at *4 ("If immediate implementation were mandated, Congress would have used the word 'shall' and not 'may' in 18 U.S.C. § 3621(h)(4).");  *Cohen*, 2021 WL 1549917, at *3 (noting that the statute

5

"pointedly does not require the BOP to be[gin] to assign [earned time credits] during the phase-in period"). Accordingly, the court must dismissing Savla's petition as premature, albeit without prejudice to his refiling on or after January 15, 2022, if the BOP has still refused to offer him guidance under the new earned time credit system.

ORDER

IT IS ORDERED that petitioner Vishal Savla's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice.

Entered this 9th day of September, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge